UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:00-cr-41-FtM-29DNF

WILLIAM R. DOWNS
_____

**OPINION AND ORDER**

  This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause regarding defendant's untimely Notice of Appeal (Doc. #222).  (See Doc. #227.)  After an initial review, the Court entered an Order (Doc. #228) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause.  No response or supporting documentation has been filed and the time to do so has now expired.

  On March 14, 2008, the Court issued an Opinion and Order (Doc. #221) denying defendant's Motion Under Title 18 U.S.C. §§ 3582(c)(2), 3553(a), 1-7 Factors, 3661, and U.S.S.G. Amendment Sections 1B1.11(a), 1B1,10(c), U.S.S.G. Amendment 706 & 709 (Doc. #218).  Under Fed. R. App. P. 4(b)(1)(A), the Notice of Appeal must have been filed within 10 days of the March 14, 2008, Opinion and Order (Doc. #221), or on or before March 28, 2008.  The Notice of Appeal (Doc. #222) was filed on April 28, 2008, and the envelope

reflects that the Notice was placed in the prison mail system on or about April 26, 2008.

The Eleventh Circuit Court of Appeals found the Notice of Appeal was untimely but remanded to determine whether the delayed filing was the result of good cause or excusable neglect. Under FED. R. APP. P. 4(b)(4), the Court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not exceed 30 after the expiration of the time prescribed in FED. R. APP. P. 4(b)(1)(A). "First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay. Second, the district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline." Wright v. Deyton, 757 F.2d 1253, 1255-56 (11th Cir. 1985).

Although defendant did not provide further information when requested, the Notice of Appeal states that defendant did not receive a copy of the Opinion and Order until April 21, 2008, which he received through the Federal Public Defender's Office after a diligent inquiry, and that he did not receive anything from the Clerk's Office. A review of the docket reflects that a copy of the Opinion and Order was electronically sent to the U.S. Attorney's on March 14, 2008, however, it is not clear that a copy was sent to

defendant at that time.[1]  As the delay may have been caused by the Court in providing notice to defendant, the Court finds that good cause or excusable neglect have been demonstrated for the delayed and untimely filing of the Notice of Appeal.

Accordingly, it is now

**ORDERED**:

The Clerk shall return the record as supplemented with a certified copy of this Opinion and Order to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2008.

_____
JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of Record

---

[1] The copies mailed to entry was not made by the Clerk of Court until April 28, 2008.