UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WILLIAM R. DOWNS,

    Petitioner,

v.                                    Case No:  2:16-cv-502-FtM-29MRM
                                          Case No. 2:00-CR-41-FTM-29MRM
UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) filed on June 24, 2016, by counsel appointed pursuant to Omnibus Order In Re: Retroactive Application of *Welch v. United States*, 2016 WL 1551144 (U.S. Apr. 18, 2016) and *Johnson v. United States*, 135 S. Ct. 2251 (2015), 8:16-mc-53-T-23.  (Docs. #275, #279.)

On September 12, 2000, the jury returned a verdict finding defendant guilty of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and for possession with intent to distribute the 50 grams or more of crack cocaine.  (Cr. Doc. #99.)  On February 3, 2001, the Court granted the government's motion to recognize defendant's substantial assistance pursuant to U.S. Sentencing Guidelines Manual § 5k1.1, and sentenced defendant

to a term of 260 months of imprisonment. (Cr. Doc. #133.) Defendant appealed the Judgment (Cr. Doc. #134) and on September 6, 2001, the convictions and sentence were affirmed. (Cr. Doc. #156.) Defendant sought collateral relief under 28 U.S.C. § 2255[1], and on September 17, 2004, the Court issued an Opinion and Order (Cr. Doc. #183) granting in part and denied in part petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody. On September 29, 2004, a new Judgment (Cr. Doc. #185) was issued in the criminal case, and defendant was resentenced to the same sentence as originally imposed to allow petitioner to pursue a belated appeal limited to issues relating to the opening statements, closing arguments, and jury instruction. Defendant was also advised of his right to appeal. See 2:02-cv-489-FTM-29SPC, Doc. #8. Due to some confusion on the part of appointed counsel, a Second Amended Judgment (Cr. Doc. #201) was issued to allow petitioner to pursue the belated appeal. (Cr. Doc. #200.) On December 6, 2006, the Eleventh Circuit affirmed. (Cr. Doc. #217.) Thereafter, defendant was denied relief under various retroactive Amendments

---

1 An earlier filing was docketed as a petition under 28 U.S.C. § 2255, but the Court declined to treat the letter as such without confirmation from defendant as to his intent and denied the motion for lack of jurisdiction. See 2:01-cv-696-FTM-29DNF, Doc. #3.

to the U.S. Sentencing Guidelines due to defendant's career offender status, and defendant's motion and supplemental motion pursuant to Amendment 782 remain pending. (Cr. Docs. #263, #272.) No other motions of significance herein were filed.

Under 28 U.S.C. § 2255(h),

> A second or successive motion must be certified as provided in section 2244 by a panel of **the appropriate court of appeals** to contain--
>
> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h) (emphasis added). Under 28 U.S.C. § 2244,

> (3)(A) Before a second or successive application permitted by this section is filed in the district court, **the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.**
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

28 U.S.C. § 2244(3)(A)-(C) (emphasis added). Petitioner's failure to obtain permission from the Eleventh Circuit *first* operates as a jurisdictional bar that precludes this Court's consideration of the merits of the petition. See 28 U.S.C. § 2244(b)(3)(A). In this case, petitioner did file an application with the Eleventh Circuit Court of Appeals, however on June 23, 2016, the application was denied for failure to make a *prima facie* showing of the existence of either of the grounds set forth under § 2255(h). (Cr. Doc. #280.) Therefore, the Court will strike the successive petition pursuant to the Eleventh Circuit's order.

While petitioner asserts that the current petition is successive, this may not be supported by the record. No prior 2255 was filed after the intervening Second Amended Judgment in the criminal case. See Magwood v. Patterson, 561 U.S. 320, 341-42 (2010) ("where . . . there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." (quoting Burton v. Stewart, 549 U.S. 147, 156 (2007))). See also Stewart v. United States, 646 F.3d 856, 865 (11th Cir. 2011) ("Because the basis for

his Johnson claim did not exist before his proceedings on his initial § 2255 motion concluded, Stewart's numerically second motion is not "second or successive," and § 2255(h)'s gatekeeping provision does not apply."). The undersigned expresses no view on this issue since it is not before the Court.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Doc. #1) is **DISMISSED** pursuant to the Eleventh Circuit's June 23, 2016 order.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

A certificate of appealability (COA) is **DENIED** as to issue before the Court. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). This has not been shown.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of June, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
FPD
AUSA